IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARL E. WHITE | : | CIVIL ACTION |
| | : | NO. 09-1219 |
| v. | : | |
| | : | |
| G. MICHAEL GREEN, ET AL. | : | |

O'Neill, J.                                                                                                       AUGUST 4, 2009

MEMORANDUM

On April 3, 2009, plaintiff Karl E. White, acting pro se, filed suit under 42 U.S.C. § 1983 against fifteen Delaware County defendants, including four judges from the Court of Common Pleas of Delaware County, President Judge Joseph P. Cronin, Jr. and Judges William R. Toal, Jr., Barry C. Dozor and Michael F.D. Coll (collectively, the judicial defendants); six past or present Delaware County prosecutors, G. Michael Green, Chris D. Rosato, Ian McCurdy, Lori Anderson, Sue Williams and Mary Mann (collectively, the prosecutor defendants); two directors of the Delaware County PA Bail Agency, Phil Pisani and Charlene LaPreste (collectively, the bail agency defendants); three employees of the Delaware County Domestic Relations office, Mimi Bradley Walker, Debra Schilling and Kathleen Connor (collectively domestic relations defendants), and the George Hill Correctional Facility for false imprisonment. I have before me motions to dismiss from judicial defendants (D. No. 24), prosecutor defendants (D. No. 13), bail agency defendants (D. No. 32) and domestic relations defendants (D. No. 23) and plaintiff's responses thereto; plaintiff's motions for leave to file an amended complaint (D. No. 14 and 39); plaintiff's "motion to join" this civil action to "the ongoing pending lawsuit concerning plaintiffs Penny Allison of Media and Zoran Hocevar of Upper Darby named in the Delaware County

Daily Times, April 1, 2009" currently pending before my colleague Judge DuBois, <u>Allison v. The Geo Group, Inc</u>, No. 08-0467 (E.D. Pa.) (D. No. 15); plaintiff's motions for summary judgment (D. No. 18, 29, 36 and 38) on which discovery is currently stayed pursuant to my Order of July 13, 2009 and plaintiff's motions to stay defendants' motions to dismiss (D. No. 20 and 28).

BACKGROUND

Plaintiff alleges that he was falsely imprisoned on April 7, 2007 until his case was nolle prosequi on January 8, 2008. He was detained in the George W. Hill Correctional Facility for 10 months.[1] He alleges that prosecutorial defendants "were not privilege by law to prosecute and or had they the legal authority to prolong detainment for in or around 10 months [sic]." Plaintiff asserts that Judges Cronin and Toal "presided over the case in question and were not privilege by law and or had the legal authority to do so [sic]." He alleges that bail agency defendants "denied plaintiff bails in said case and were not privileged by law to do so thereby prolonging said false imprisonment [sic]."

Plaintiff alleges that the Correctional Facility

> placed plaintiff in harms way of serious injury and/or death when they require plaintiff to sleep on a top bunks which are 5 feet in the air in or around that has no ladders and guardrails. OSHA claims 100 lb. Drop from just 3 feet generates 1,800 lbs of pressure capable of killing. All day every day plaintiff was placed in harms way rather than in spite of the harm with full knowledge of these facts. In additionally, it was a policy of the jail to strip search every one sent to jail awaiting trial even if there was no reason to think the suspects were hiding contraband on their body. They routinely do block searches whereby everyone on the block are routed in the shower while their cells are being searched and once that search is complete, the inmates are then strip searched while in the presents of other genders. Also, most people who are arrested on charges as minor as misdemeanors are held at least till the next business day after they have been released from the court and that the prison can get paid another full day from the Government [sic].

---

[1] The Correctional Facility is not a party to any of the motions to dismiss.

Additionally, plaintiff alleges that on May 9, 2008 Judges Dozer and Coll[2] "seized plaintiff's stimulus payment from the United States Treasury Department and federal income tax for in or around $350 and were not privileged by law to do so [sic]." He asserts that domestic relations defendants "are the motivating force behind the seizure of plaintiff assets described herein [sic]." He alleges that defendant Williams "was not privileged by law to seize $491.30 of plaintiff's stimulus payment from the U.S. Treasury Department and Federal income Tax for in or around $350 [sic]."

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v.

---

[2] Plaintiff's complaint refers to Judge Michael F.D. Coll as Michael FxColl.

3

Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

Additionally, plaintiff is proceeding without counsel. Pleadings that are pro se must be held to "less stringent standards than formal pleadings drafted by lawyers." Dickerson v. Brooks, 2007 WL 4689001, at *2 (W.D. Pa. Oct. 31, 2007), citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Under our liberal pleading rules, a district court should construe all allegations in a pro se complaint in favor of the plaintiff. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). Because plaintiff is a pro se litigant, I will consider his allegations of fact and make inferences where it is necessary and appropriate.

DISCUSSION

I.  Judicial Defendants

Plaintiff alleges that judicial defendants did not have the "legal authority" to preside over an underlying state court criminal case in which he was a defendant. Judges are immune from liability when (1) the judge has jurisdiction over the subject matter before him and (2) he is preforming a judicial act. Stump v. Sparkman, 435 U.S. 349, 362 (1978). Immunity applies even if the actions complained of are alleged to have been in error, performed with malice, or in excess of the judge's authority, id., or if the judges' actions are claimed to have been performed as a result of an alleged conspiracy with others. Dennis v. Sparks, 449 U.S. 24, 30(1980).

As this dispute was properly brought in the Pennsylvania Court of Common Pleas, see 42 Pa. C.S.A. § 931, the actions taken in ruling in criminal matters before them were unquestionably judicial acts, Mireles v. Waco, 502 U.S. 9, 14 (1991), and the motives of the judicial officer are

irrelevant for purposes of determining whether judicial immunity is applicable, id. at 11, judicial defendants are protected by absolute judicial immunity from suit. I will thus grant judicial defendants' motion to dismiss.³

## II. Prosecutorial Defendants

Plaintiff alleges that prosecutorial defendants "were not privileged by law to prosecute and or had they the legal authority to prolong detainment for in or around 10 months." Prosecutorial defendants state that they are unable to determine what activities are at issue that they performed, but it may be assumed that, because plaintiff is arguing that they did not have the legal authority to prosecute, that it is for their prosecution of plaintiff that they are being sued.

Prosecutors have absolute immunity from civil suits for damages under § 1983 for initiating and presenting a criminal case. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). Additionally, absolute prosecutorial immunity extends to all prosecutorial functions and activities, i.e. those in which the prosecutor is engaged in typical prosecutorial functions, even if the prosecutor acted willfully, maliciously or in bad faith. Imbler v. Pachtman, 424 U.S. 409, 430 (1976), holding that a prosecutor has absolute immunity in initiating and pursuing criminal prosecution for those activities intimately associated with the judicial phase of the criminal process. I will thus grant prosecutorial defendants' motion to dismiss.⁴

## III. Bail Agency Defendants

---

³ As I am dismissing plaintiff's claims against judicial defendants on other grounds, I need not consider their argument that plaintiff has failed to state a claim or that they are protected by the Rooker-Feldman doctrine.

⁴ As I am dismissing plaintiffs claims against prosecutorial defendants on other grounds, I need not consider their argument that plaintiff has failed to state a claim.

Plaintiff argues that bail agency defendants denied him bail. Bail agency defendants contest that they had the authority to set bail because the authority to reduce bail and/or release a person from prison lies solely with the Court. See Lutz v. Lavelle, 809 F. Supp. 323, 327 (M.D. Pa. 1991), finding that a federal prosecutor did not have the authority to reduce bail or to release a person from prison because the duty belongs to the Court. However, regardless of whether they had such authority, an entity that has the power to reduce bail is protected from suit by "quasi-judicial" immunity.

Under the doctrine of "quasi-judicial" immunity, absolute judicial immunity is extended to "those nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." Byrd v. Cubbage, 1992 WL 309681, at *2 (E.D. Pa. Oct. 20, 1992), holding that bail commissioners are entitled to quasi-immunity; citing DeFerro v. Coco, 719 F. Supp. 379, 381 (E.D. Pa. 1989), holding that a judge's law clerk and family court clerk, acting under court directive, are entitled to absolute immunity; Imbler, 424 U.S. at 430, holding that a prosecutor has absolute immunity; Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969), cert. denied, 396 U.S. 941, holding that a prothonotary, acting under court directive, is entitled to absolute immunity.

In this case, bail commissioners are appointed by the municipal court to "administer oaths and affirmations, preside at preliminary arraignments, assign counsel in certain cases, issue criminal complaints, fix bail, and issue arrest warrants and search and seizure warrants." 42 Pa. C.S.A. § 1123(a)(5). Therefore, as an extension of the court, bail commissioners are entitled to absolute judicial immunity when performing their statutory duties. Byrd, 1992 WL 309681, at *2

Even assuming the truth of plaintiff's allegations that bail agency defendants were

6

authorized to set bail, plaintiff has failed to set forth a claim upon which relief can be granted. The allegations against bail agency defendants are based on actions which are exercises of the bail commissioner's judicial authority: the act of setting bail. Therefore, even if bail agency defendants did set bail or acted in error in doing so, they are entitled to absolute immunity from suit. I will thus grant bail agency defendants' motion to dismiss.[5]

IV.     Domestic Relations Defendants

Plaintiff contests the seizure of a tax refund and a tax stimulus payment based on arrears on child support payments owed to the Delaware County Department of Juvenile Probation and asserts that domestic relations defendants are domestic relations agents who were the "motivating force behind the seizure of Plaintiff assets."

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens. Chilcott v. Erie County Domestic Relations, 283 Fed. Appx. 8, 10 (3d Cir. 2008), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Although Congress can in certain circumstances abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, through which plaintiff proceeds. Chilcott, 283 Fed. Appx. at 10, citing Quern v. Jordan, 440 U.S. 332, 345 (1979). I will thus dismiss plaintiff's claims against domestic relations defendants as barred by sovereign

---

[5] As I am dismissing plaintiff's claims against bail agency defendants on other grounds, I need not consider their arguments that plaintiff has failed to state a claim or that they are protected from prosecution by qualified immunity.

7

immunity.[6]

V.    Leave To Amend

Plaintiff requests that I grant him leave to amend his complaint to "identify the specific particulars that give rise to the complaint adding new Defendants and revising the original record to reflect that #17 should be #16 and #16 to reflect #17." The decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988), citing Foman v. Davis, 371 U.S. 178, 182 (1962). As the Supreme Court noted in Foman, however, the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id., citing Foman, 371 U.S. at 182 (citations omitted). Absent an "apparent or declared" reason for the denial, the leave to amend "should, as the rules require, be 'freely given.'" Id., citing Foman, 371 U.S. at 182, quoting Fed. R. Civ. P. 15(a). Among the reasons delineated by the Foman Court as sufficient to support a denial of a motion to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of the amendments." Id., citing Foman, 371 U.S. at 182.

Here it would be futile for plaintiff to amend his complaint because no matter the particulars alleged, judicial defendants, prosecutorial defendants, bail agency defendants and domestic relations defendants are all protected by immunity from suit. Coventry, 856 F.2d at

---

[6] As I am dismissing plaintiff's claims against domestic relations defendants on other grounds, I need not consider their arguments that plaintiff has failed to state a claim or that defendants are protected from prosecution by the Rooker-Feldman doctrine.

519, citing Foman, 371 U.S. at 182. I will thus deny plaintiff's motions to amend his complaint as to these defendants because it would be futile. However, to the extent that plaintiff is seeking leave to amend his complaint to make a more definite statement regarding his allegations against defendant George Hill Correctional Facility, I will grant him leave to amend.

VI.     Motion to Join

Plaintiff's only remaining claim is against the George Hill Correctional Facility in Thornton, PA. Plaintiff has moved "to join" this civil action (D. No. 15) to "the ongoing pending lawsuit concerning plaintiffs Penny Allison of Media and Zoran Hocevar of Upper Darby named in the Delaware County Daily Times, April 1, 2009," Allison v. The Geo Group, Inc, No. 08-0467 (E.D. Pa.). In the Allison class action litigation, my colleague Judge DuBois held that plaintiffs' putative class action on behalf of arrestees detained in state custodial facilities managed by a private corporation stated a § 1983 claim for a Fourth Amendment violation based on the George Hill Correctional Facility's blanket policy of mandatory strip searches without individualized suspicion. Allison v. The Geo Group, Inc. et al, 611 F. Supp.2d 433 (E.D. Pa. 2009). If it is plaintiff's intention to join in the Allison class action as a plaintiff, he should contact the attorney representing the Allison class; David Rudovsky, Esquire, The Cast Iron Bldg., Suite 501 South., 718 Arch St., Philadelphia, PA 19106, 215-925-4400; and/or make an appropriate application to Judge DuBois. I will deny plaintiff's motion "to join," in other words to consolidate, his claim with the Allison class action litigation.