IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KARL E. WHITE                  :              CIVIL ACTION
                                       :
      v.                       :
                                       :
G. MICHAEL GREEN, et al.      :              NO. 09-1219

O'NEILL, J.                                October 6, 2009

MEMORANDUM

      On April 3, 2009, plaintiff Karl E. White, proceeding pro se, filed suit under 42 U.S.C. §

1983 against fifteen Delaware County defendants.  Currently before me is defendant George Hill

Correctional Facility's (the Facility) motion to dismiss (D. No. 52) and plaintiff's response (D.

No. 57).

BACKGROUND

      Plaintiff notified the Facility of the present action and requested waiver of service on

April 15, 2009.  (D. No. 6).  To date, defendant has not executed and returned the waiver.  On

August 4, 2009, I dismissed plaintiff's claims against several of the original defendants and

granted plaintiff twenty days to file an amended complaint as against the Facility.  Plaintiff filed

a Motion to File Amended Complaint on August 14, 2009, which I denied as moot on September

8, 2009 as I had already granted plaintiff leave to do amend August 4.  To date, plaintiff has not

filed an amended complaint.  The Facility now moves to dismiss plaintiff's complaint for

insufficient service of process and for failure to name a proper party.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A defendant may "object to the plaintiff's failure to comply with the procedural requirements for proper service of the summons and complaint" as set forth in Rule 4. Thompson v. Sears, Roebuck and Co., No. 04-5342, 2006 WL 573796, at * 2 (E.D. Pa. 2006). "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." Id., citing Reed v. Weeks Marine, Inc., 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, at * 4 (3d Cir. 2009).


DISCUSSION

The Facility argues that service of process was insufficient. According to the docket entry, plaintiff mailed a notice and request for waiver of service to the Facility on or about April

15, 2009. The Facility is owned by the County of Delaware, a municipality. Federal Rule of Civil Procedure 4(j)(2) requires that a municipality be served "by delivering a copy of the summons and of the complaint to its chief executive officer" or by a process permitted under Pennsylvania law. Fed. R. Civ. P. 4(j)(2). Pennsylvania Rule of Civil Procedure 422(b) only permits service upon a county "by handing a copy to (1) an agent duly authorized by the [county] to receive service of process, or (2) the person in charge at the office of the defendant, or (3) the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman or clerk of the board of county commissioners." Pa. R. Civ. P. 422(b). Plaintiff wrongly insists that service against defendant was proper because he mailed the waiver notice and request; plaintiff was required to serve the municipality in accordance with Rule 4.

Defendant also argues that plaintiff's complaint fails to state a claim because it names the Facility which is just a "collection of buildings" and is not a legal entity. Defendant states that the Facility is owned by the County of Delaware and operated by the Delaware County Board of Prison Inspectors, and that these two entities have contracted with The GEO Group, Inc. to provide food, security and medical services. This Court has held that "the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit" under § 1983. Regan v. Upper Darby Tp., No. 06-1686, 2009 WL 650384, at * 5 (E.D. Pa. Mar. 11, 2009), collecting cases.[1]

---

[1]     Ignudo v. McPhearson, No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. Jun. 10, 2004), "[Plaintiff] also names as a Defendant the George W. Hill Correctional Facility. The George W. Hill Correctional Facility is not a legal entity susceptible to suit"; Jenkins v. Del. County Prison, No. 91-7071, 1992 WL 59130, at *1 (E.D. Pa. Mar. 20, 1992), "Delaware County Prison is not a person under section 1983 and must therefore be dismissed. That is to say, Delaware County Prison has no separate corporate existence apart from Delaware County itself"; Day v. Del. County Prison, No. 91-6935, 1991 WL 240609, at *1 (E.D. Pa. Nov. 12, 1991),

Plaintiff has failed to state a claim upon which relief can be granted because the Facility is not a legal entity amenable to suit.

Defendant's motion to dismiss will be granted and the complaint against defendant will be dismissed. Plaintiff may amend his complaint naming a proper legal entity. If plaintiff chooses to amend his complaint, he is required to serve properly any newly named defendant in accordance with Federal Rule of Civil Procedure 4.

---

dismissing complaint where "[t]he only defendant named in the action is Delaware County Prison [and] Delaware County Prison is not a 'person' as that term is used in section 1983."